## TRAVERS *vs.* TRAVERS.

*Twelfth Judicial District Court, August,* 1857.

### DIVORCE—RESIDENCE—DESERTION.

If the husband should desert the wife she is entitled to select her own domicil, and it is required of her to obtain a residence of sufficient time in this State to sue for a divorce. She cannot claim her husband's residence here as her own, if it appear that she has selected another for herself. A want of support on the part of the husband must be proved to be wilful, and not merely the naked fact of neglect.

This was an action brought for divorce by the wife against the husband, on the ground of desertion and neglect to support. The facts are, that plaintiff and defendant being married, resided in Buffalo, New York; that during marriage they separated, apparently a mutual desertion, and the wife went to St. Louis, Missouri, to reside, and the husband came to California many years ago. She arrived in California in March, 1857, and in April filed this bill.

The referee found the fact of desertion true on the part of the husband as averred in the complaint, for three years previous to the bringing of this action.

*Fabens & Tracy,* for Plaintiff.

Defendant not in court.

NORTON, J., held that the facts in this case were directly the opposite of the facts in the case of *Wilkinson* vs. *Wilkinson,* decided this term (p. 162.) In this case it appears that after the desertion by the husband, the wife selected a domicil for herself in St. Louis. This she was authorized to do under the authority of the case of *Moffat* vs. *Moffat** (not reported.) It will then be necessary for the wife to

---

*This case was decided by the Supreme Court.

reside in California six months before she can maintain an action of this nature. It is also found in the report of the referee that the husband failed to support the wife. This is not sufficient, as there is no proof that the wife ever made any demand for support, or that the husband knew that she was in need of it. She appears to have had the means of supporting herself. The fact must be wilful on the part of the husband, and such facts or circumstances must be shown as will authorise the conclusion that the refusal to support was wilful on his part. The divorce is refused, however, on the ground of residence.